LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
124 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SEGUNDO SIGUENCIA,
*on behalf of himself,*
*FLSA Collective Plaintiffs, and the Class,*

               Plaintiff,

               v.

ABITINO'S PIZZA 49TH STREET CORP.
       d/b/a ABITINO'S PIZZERIA,
ABITINO'S PIZZA & RESTAURANT, INC. NO. II
       d/b/a ABITINO'S PIZZERIA,
ABITINO'S JFK LLC
       d/b/a ABITINO'S PIZZERIA,
MAMMA ANNA 730 LLC
       d/b/a ABITINO'S PIZZERIA,
MARIO ABITINO SR.,
MARIO ABITINO JR.,
SALVATORE ABITINO,
and DOMINICO ABITINO,

               Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

      Plaintiff SEGUNDO SIGUENCIA ("Plaintiff SIGUENCIA," or "Plaintiff"), on behalf of

himself and others similarly situated, by and through their undersigned attorneys, hereby file this

class and collective action Complaint against Defendants ABITINO'S PIZZA 49TH STREET

CORP. d/b/a ABITINO'S PIZZERIA, ABITINO'S PIZZA & RESTAURANT, INC. NO. II d/b/a

ABITINO'S PIZZERIA, ABITINO'S JFK LLC d/b/a ABITINO'S PIZZERIA, MAMMA ANNA 730 LLC d/b/a ABITINO'S PIZZERIA   (collectively, the "Corporate Defendants"), MARIO ABITINO SR., MARIO ABITINO JR., SALVATORE ABITINO, and DOMINICO ABITINO (collectively, the "Individual Defendants"; and together with the Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1.     Plaintiff SIGUENCIA alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid wages, (2) liquidated damages, and (3) attorneys' fees and costs.

2.     Plaintiff SIGUENCIA further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid wages, (2) statutory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.     Plaintiff SIGUENCIA is a resident of New York County, New York.

6.     Defendants operate a chain of pizzerias as a single integrated enterprise under the trade name "Abitino's Pizzeria" at the following locations in New York City:

    a.   733 2nd Avenue, New York, NY 10016 (the "40th / 2nd" location);

    b.   936 2nd Avenue, New York, NY 10022 (the "50th / 2nd" location);

    c. 730 10th Avenue, New York, NY 10019 (the "50th / 10th" location);

    d. JFK International Airport – Terminal 8 Space M-8, Jamaica, NY 11430 (the "JFK I" location); and

    e. JFK International Airport - Terminal 8 Concourse C, C 11, Jamaica, NY 11430 (the "JFK II" location) (collectively, the "Restaurants").

7. The Restaurants are operated by Defendants as a single integrated enterprise. The Restaurants are commonly owned by Corporate Defendants and the Individual Defendants. The Restaurants are all advertised on the following website: http://www.abitinospizza.com/. Specifically, the Restaurants are engaged in related activities, share common ownership, and have a common business purpose:

    a. All of the Restaurants share similar menus, with many identical menu items;

    b. Supplies are interchangeable among the Restaurant locations;

    c. Employees are interchangeable among the Restaurant locations; and

    d. The Restaurants share payroll methods and have a single, centralized system of labor relations for employees.

8. Corporate Defendant ABITINO'S PIZZA 49TH STREET CORP. d/b/a ABITINO'S PIZZERIA is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 936 2nd Avenue, New York, NY 10022 and an address for service of process located at c/o Mario Abitino, 8530 3rd Avenue, Brooklyn, NY 11209.

9. Corporate Defendant ABITINO PIZZA & RESTAURANT, INC. NO. II d/b/a ABITINO'S PIZZERIA is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 733 2nd Avenue, New York, NY 10016.

10.    Corporate Defendant ABITINO'S JFK LLC d/b/a ABITINO'S PIZZERIA is a domestic limited liability company organized under the laws of the State of New York, with two places of business located at JFK International Airport: (*a*) Terminal 8 Space M-8, Jamaica, NY 11430; and (*b*) Terminal 8 Concourse C, C 11, Jamaica, NY 11430. Corporate Defendant ABITINO'S JFK LLC's address for service of process is located at 271 86th Street, Brooklyn, NY 11209.

11.    Corporate Defendant MAMMA ANNA 730 LLC d/b/a ABITINO'S PIZZERIA is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 730 10th Avenue, New York, NY 10019 and an address for service of process located at 271 86th Street, Brooklyn, New York, 11209.

12.    Individual Defendant MARIO ABITINO SR. is an owner and principal of the Corporate Defendants. Defendant MARIO ABITINO SR. exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant MARIO ABITINO SR. frequently visited each of the Restaurant locations. Defendant MARIO ABITINO SR. exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant MARIO ABITINO SR. directly regarding any of the terms of their employment, and Defendant MARIO ABITINO SR. had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly. Defendant MARIO ABITINO SR. possesses the power and authority to supervise and

control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members and can reprimand employees.

13.     Individual Defendant MARIO ABITINO JR. is an owner and principal of the Corporate Defendants. Defendant MARIO ABITINO SR. exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant MARIO ABITINO JR. frequently visited each of the Restaurant locations. Defendant MARIO ABITINO JR. exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant MARIO ABITINO JR. directly regarding any of the terms of their employment, and Defendant MARIO ABITINO JR. had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly. Defendant MARIO ABITINO JR. possesses the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members and can reprimand employees.

14.     Individual Defendant SALVATORE ABITINO is an owner and principal of the Corporate Defendants. Defendant SALVATORE ABITINO exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant SALVATORE ABITINO frequently visited each of the Restaurant locations. Defendant SALVATORE ABITINO exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and

conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant SALVATORE ABITINO directly regarding any of the terms of their employment, and Defendant SALVATORE ABITINO had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly. Defendant SALVATORE ABITINO possesses the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members and can reprimand employees.

15.    Individual Defendant DOMINICO ABITINO is an owner and principal of the Corporate Defendants. Defendant DOMINICO ABITINO exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant DOMINICO ABITINO frequently visited each of the Restaurant locations. Defendant DOMINICO ABITINO exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant DOMINICO ABITINO directly regarding any of the terms of their employment, and Defendant DOMINICO ABITINO had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly. Defendant DOMINICO ABITINO possesses the power and authority to

supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members and can reprimand employees.

16.    At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and regulations thereunder.

17.    At all relevant times, the work performed by Plaintiff SIGUENCIA, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

18.    Although Plaintiff SIGUENCIA did not work at all of the Restaurants, the Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants described above. Because the Restaurants share identical illegal wage and hour policies, the Restaurants and the relevant Corporate Defendants are properly named on the basis of their outstanding liability to the Class Members for whom Plaintiff seeks to represent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.    Plaintiff SIGUENCIA brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to all food preparers, cashiers, delivery persons, and pizza cooks employed by Defendants on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

20.    At all relevant times, Plaintiff and other FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and are subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs their proper wages. The claims of Plaintiff stated herein

are essentially the same as those of other FLSA Collective Plaintiffs.

21.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

22.     Plaintiff SIGUENCIA brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees, including but not limited to, all food preparers, cashiers, delivery persons, and pizza cooks employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class," or "Class Members").

23.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

24.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

25.    Plaintiff's claims are typical of those claims that may be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subjected to the same corporate practices of Defendants, including (i) unpaid wages, (ii) failing to provide wage statements in compliance with the New York Labor Law, and (iii) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures by Defendants.

26.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

27.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to

redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

28.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

29.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.      Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b.      What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

   c.  At what common rate, or rates subject to common methods of calculation, was and
       are Defendants required to pay Plaintiff and the Class members for their work;

   d.  Whether Defendants properly notified Plaintiff and the Class members of their hourly
       rates and overtime rates;

   e.  Whether Defendants paid Plaintiff and Class members their wages for all hours
       worked;

   f.  Whether Defendants provided proper wage statements informing all non-exempt
       employees of information required to be provided on wage statements under the New
       York Labor Law; and

   g.  Whether Defendants provided proper wage notice, at date of hiring and annually
       thereafter, to all non-exempt employees per requirements of the New York Labor
       Law.

## STATEMENT OF FACTS

30.    In or around March 2019, Plaintiff SIGUENCIA was hired by Defendants to work as
a delivery person at Defendants "50th / 10th" location of Abitino's Pizza. Plaintiff continued to
work for Defendants until in or around April 2019.

31.    Throughout Plaintiff SIGUENCIA's employment with Defendants, Plaintiff was
regularly scheduled to work from Tuesday to Sunday, 10:00 a.m. to 5:00 p.m., for a total of
approximately forty-two (42) hours per week.

32.    At all relevant times during his employment with Defendants, Plaintiff was to be
compensated at a rate of fifteen ($15) dollars per hour, and would receive a paycheck on a weekly
basis.

33.    However, throughout Plaintiff SIGUENCIA's employment with Defendants, every check he received from Defendants bounced. As a result, Plaintiff SIGUENCIA received no wages for all his hours worked.

34.    In addition, Defendants failed to provide Plaintiff with proper wage notices at hiring and annually thereafter. Plaintiff did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the New York Labor Law.

35.    Plaintiff received wage statements that were not in compliance with the New York Labor Law. Defendants were required to provide itemized listings of deductions taken on a wage statement with every payment of wages.

36.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class members their lawful wages.

37.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

38.    Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the New York Labor Law.

39.    Plaintiff SIGUENCIA retained Lee Litigation Group, PLLC to represent himself, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

40.    Plaintiff SIGUENCIA realleges and reavers Paragraphs 1 through 39 of this class and collective action Complaint as fully set forth herein.

12

41.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

43.    At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

44.    At all relevant times, Defendants had a policy and practice of failing to pay wages to Plaintiff and FLSA Collective Plaintiffs for all of their hours worked.

45.    Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46.    Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

47.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

48.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages plus an equal amount as liquidated damages.

49.    Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW
### ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

50.    Plaintiff SIGUENCIA realleges and reavers Paragraphs 1 through 49 of this class and collective action Complaint as fully set forth herein.

51.    At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

52.    Defendants willfully violated Plaintiff and Class members' rights by failing to pay them their wages and overtime for their lawful hours worked.

53.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law. Defendants are required to provide itemized listings of deductions taken on each wage statement.

54.    Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under the New York Labor Law.

55.    Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff SIGUENCIA on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

14

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid wages due under the FLSA and the New York Labor Law;

d.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to 29 U.S.C. § 216;

e.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the New York Labor Law;

f.   An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

g.   Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

h.   Designation of this action as a class action pursuant to F.R.C.P. 23;

i.   Designation of Plaintiff as Representatives of the Class; and

j.   Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff SIGUENCIA

demands trial by jury on all issues so triable as of right by jury.

Dated: December 21, 2020

Respectfully submitted,

By:     */s/ C.K. Lee*_____
       C.K. Lee, Esq.

       LEE LITIGATION GROUP, PLLC
       C.K. Lee (CL 4086)
       Anne Seelig (AS 3976)
       124 West 24th Street, Eighth Floor
       New York, NY 10011
       Tel.: 212-465-1188
       Fax: 212-465-1181
       *Attorneys for Plaintiffs,*
       *FLSA Collective Plaintiffs, and the Class*